UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

KELLY A. PLADECK,

    Plaintiff,

v.

CREDIT SUISSE FIRST FINANCIAL CORPORATION, *et al.*,

    Defendants.

No. 1:23-cv-20678

**OPINION**

---

**<u>APPEARANCES</u>**:

Deana L. Walsh
Susan E. Iacovone
THE RITTER LAW OFFICE, LLC
55 Fayette Street
P.O. Box 320
Bridgeton, NJ 08302

    *On Behalf of Plaintiff*.

Paul H. Schafhauser
GREENBERG TRAURIG, P.A.
500 Campus Drive
Suite 400
Florham Park, NJ 07932

Ruth D. Kirshner
GREENBERG TRAURIG, P.A.
199 Route 18 South
East Brunswick, NJ 08816

    *On Behalf of Defendant Morgan Stanley*
    *Private Bank, National Association.*

Diana M. Eng
BLANK ROME LLP
1271 Avenue of Americas
New York, NY 10020

Robert Thomas Lieber, Jr.
BLANK ROME LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103

>  *On Behalf of Defendants Nationstar*
>  *Mortgage, LLC, Community Loan Servicing,*
>  *LLC, and Mr. Cooper Group, Inc.*

**O'HEARN, District Judge.**

This matter comes before the Court on Motions to Dismiss Plaintiff Kelly A. Pladeck's Third Amended Complaint ("TAC"), (ECF No. 32), for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendant Morgan Stanley Private Bank, National Association, successor by merger to E*Trade ("E*Trade") and Defendants Nationstar Mortgage, LLC d/b/a/ Right Path Servicing ("Nationstar"); Community Loan Servicing, LLC f/k/a/ Bayview Loan Servicing, LLC ("CLS"); and Mr. Cooper Group, Inc. (collectively "Bayview Loan Servicing" and together with E*Trade, "Defendants"). (ECF Nos. 46, 47). The Court did not hear oral argument pursuant to Local Rule 78.1. For the reasons that follow, Defendants' Motions are **GRANTED**.

I. **BACKGROUND**

On May 6, 2005, Plaintiff alleges that she took out a mortgage (the "Mortgage") from Credit Suisse First Boston Financial Corporation ("Credit Suisse")[1] for property located at 1 River Drive, Egg Harbor Township, New Jersey (the "Property"). (TAC, ECF No. 32 at 2). On an unspecified date, the Mortgage was assigned to Defendant E*Trade, (*Id.* at 5), and Defendant Bayview Loan Servicing allegedly serviced the loan for both Defendant E*Trade and Credit Suisse. (*Id.* at 3).

In October 2012, the Property was severely damaged by Hurricane Sandy, and the dwelling was demolished. (*Id.* at 2). On April 17, 2017, Plaintiff received a Certification of Eligibility Sandy-Impacted Forbearance (the "Certification") from the New Jersey Department of Community Affairs, which entitled Plaintiff to a term of forbearance until July 1, 2022. (*Id.* at 2,

---

[1] Plaintiff's TAC initially named Credit Suisse as a defendant. However, Plaintiff voluntarily dismissed Credit Suisse on January 31, 2024. (ECF No. 40).

3

7). Plaintiff alleges that she sent the Certification to Defendants, but Defendants ignored the Certification and failed to properly apply the forbearance protections. (*Id.* at 3). Specifically, Plaintiff alleges that Defendants repeatedly placed her Mortgage into default and reported Plaintiff as delinquent to the consumer reporting agencies ("CRAs"). (*Id.*). Plaintiff alleges that said improper reporting continued for several years thereafter, despite assurances from Defendants that the negative reporting and associated collection fees would be removed. (*Id.* at 4–9).

On January 13, 2022, Defendant E*Trade assigned the mortgage to Defendant CLS, which later assigned the mortgage to Defendant Nationstar. (*Id.* at 9–10). Despite this reassignment, Plaintiff alleges that the subsequent mortgagees and servicers continued to mishandle her account and make negative credit reports. (*Id.* at 10–13). Although Plaintiff alleges that she and/or her attorneys contacted Defendants on multiple occasions to correct the alleged errors in her account, she does not allege that she contacted the CRAs to dispute the negative reports. As a result of Defendants' negative reporting, Plaintiff asserts that she was unable to use or obtain credit. (*Id.* at 3, 13–14).

## II. PROCEDURAL HISTORY

Plaintiff initially filed suit on June 14, 2023 in the Superior Court of New Jersey, Atlantic County, seeking an order reinstating her mortgage and escrow account as current and removing certain costs and fees, as well as a declaratory judgment for compensatory and consequential damages. (Ex. 1, ECF No. 1-1 at 1–13). Plaintiff subsequently amended her Complaint on June 20, 2023 to add Mr. Cooper Group, Inc.[2] as a defendant, (*Id.* at 14–24), and again on August 27, 2023 to add a claim for violations of the New Jersey Consumer Fraud Act ("NJCFA"). (*Id.* at 142–

---

[2] While Plaintiff incorrectly identified Mr. Cooper Group, Inc. as "Mr. Cooper," this was subsequently corrected in Plaintiff's Third Amended Complaint. (ECF No. 32).

147). The Bayview Loan Servicing Defendants then removed the matter to this Court on September 26, 2023. (Notice of Removal, ECF No. 1).

Defendants filed pre-motion letters on October 19 and October 26, 2023, asserting that Plaintiff had not met the pleading standard under Federal Rules of Civil Procedure 8, 9, and 12. (ECF Nos. 20, 22). Plaintiff replied on November 8, 2023, requesting leave to amend her Complaint to comport with the federal pleading standards, (ECF No. 27), and the Court granted Plaintiff's request on November 9, 2023. (ECF No. 28). Plaintiff filed her Third Amended Complaint on December 22, 2023, adding claims for breach of contract and violations of the Fair Credit Reporting Act ("FCRA"). (ECF No. 32).

Now before the Court are Motions to Dismiss Plaintiff's Third Amended Complaint filed by Defendants E*Trade and Bayview Loan Servicing on March 13 and March 18, 2024, respectively. (ECF Nos. 46, 47). Plaintiff responded in opposition, (ECF Nos. 49, 50), and Defendants replied in further support. (ECF Nos. 52, 53).

### III. **JURISDICTION**

This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff's claims are premised on the reporting of credit information to credit reporting agencies, as governed by the FCRA. The FCRA "totally preempts all potential state statutory and common law causes of action based on such conduct." *Annecharico v. Bank of Am., N.A.*, No. 11-6508, 2012 WL 1677242, at *3–4 (D.N.J. May 11, 2012) (collecting cases); *Crump v. Bank of Am.*, No. 16-0362, 2016 WL 4926425, at *4 (D.N.J. Sept. 14, 2016) (finding that allegations of improper credit reporting implicated the FCRA and that removal was proper as a result). Accordingly, subject matter jurisdiction over this action is conferred by 28 U.S.C. §§ 1331 and 1441(a).

### IV. <u>LEGAL STANDARD</u>

#### A. Federal Rule of Civil Procedure 12(b)(6)

To state a claim, a complaint need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although "short and plain," this statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations, alterations, and citation omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* (citation omitted). Rather, a complaint must contain sufficient factual allegations "to state a claim to relief that is plausible on its face." *Id.* at 570.

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept the complaint's well-pleaded allegations as true and view them in the light most favorable to the plaintiff. *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005). Through this lens, the court then conducts a three-step analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Next, the court should identify and disregard those allegations that, because they are no more than "the-defendant-unlawfully-harmed-me accusation[s]," are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678; *Malleus*, 641 F.3d at 563. Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678).

On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. U.S.*, 404 F.3d 744, 750 (3d Cir. 2005). The court may only consider the facts alleged in the pleadings, any attached exhibits, and any matters of judicial notice. *S. Cross Overseas Agencies, Inc. v. Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999). If any other matters outside the pleadings are presented and the court does not exclude them, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. FED. R. CIV. P. 12(d).

## V.  DISCUSSION

Defendants move for dismissal of Counts IV and V of Plaintiff's Third Amended Complaint, (ECF No. 32), under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff cannot state a claim under the FCRA because (1) Plaintiff's claims are time-barred; (2) there is no private right of action under § 1681s-2(a); and (3) Plaintiff does not allege that she submitted her dispute to a CRA, and thus cannot meet the necessary elements under § 1681s-2(b). (ECF Nos. 46-1 at 15–20, 47-1 at 26–34). Defendants further argue that Counts II (Breach of Contract) and III (Violations of the NJCFA) are preempted by the FCRA and should be dismissed. (ECF Nos. 46-1 at 20–22, 47-1 at 16–26). Finally, Defendants argue that Count I (Declaratory Relief) must be dismissed because there is no viable underlying claim. (ECF Nos. 46-1 at 23–25, 47-1 at 14–16).

For the reasons that follow, the Court agrees that (1) Plaintiff's FCRA claims fail because there is no private right of action under § 1681s-2(a) and Plaintiff does not meet the required elements to bring a claim under § 1681s-2(b); (2) Plaintiff's Breach of Contract and NJCFA claims are preempted; and (3) without an underlying claim, Plaintiff's claim for Declaratory Relief necessarily fails. Accordingly, the Court grants Defendants' Motions, and dismisses Plaintiff's

claims with prejudice.

### A. Counts IV and V (Violations of the FCRA, 15 U.S.C. §§ 1681n, 1681o)

The FCRA was enacted in 1970 to "protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014) (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010)). The FCRA imposes a variety of duties on entities like Defendants that furnish information to credit reporting agencies. *Id.* Plaintiff alleges that Defendants have negligently and/or willfully violated their duties under § 1681s-2 of the FCRA.[3] Specifically, Plaintiff argues that Defendants are liable under subsection (a) for reporting inaccurate information to the CRAs and failing to update the information following Plaintiff's dispute and subsection (b) for failing to investigate Plaintiff's disputes. (TAC, ECF No. 32 at 20–24).

Pursuant to § 1681s-2(a), a person or entity "shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." *Id.* § 1681s-2(a)(1)(A). However, "there is no private right of action based on a furnisher's failure to comply with § 1681s-2(a) because 'enforcement of these provisions is left to federal agencies.'" *Esperance v. Diamond Resorts*, No. 18-10237, 2022 WL 1718039, at *4 (D.N.J. May 27, 2022) (quoting *Krajewski v. Am. Honda Fin. Corp.*, 557 F. Supp. 2d 596, 608 (E.D. Pa. 2008)). A furnisher of credit information owes no legal duty to a private

---

[3] Plaintiff also alleges that Defendants violated 15 U.S.C. § 1681e(b) by failing to maintain reasonable procedures to assure maximum possible accuracy of the information being provided to CRAs. (TAC, ECF No. 32 at 21, 23). However, § 1681e does not apply to furnishers of information. *Greene v. LexisNexis Risk Sols. Inc.*, No. 23-3107, 2024 WL 471573, at *3 n.1 (D.N.J. Feb. 7, 2024) (explaining that § 1681e only applies to CRAs). Because Plaintiff alleges that Defendants are furnishers of information under § 1681a, (TAC, ECF No. 32 at 20, 23), the Court's analysis is confined to Plaintiff's claims under § 1681s-2.

8

plaintiff under the FCRA for reporting factually inaccurate information in the first instance. Therefore, Plaintiff does not assert a viable theory of liability under § 1681s-2(a) of the FCRA.

Plaintiff also fails to state a claim under § 1681s-2(b). While § 1681s-2(b) requires furnishers of information to investigate and promptly respond to notices of consumer disputes, this obligation is triggered only after the furnisher is notified of a dispute by a CRA. "[A] consumer cannot maintain a claim under subsection (b) of [the FCRA] based on disputes filed directly with [a furnisher of information]." *Burrell v. DFS Servs., LLC*, 753 F. Supp. 2d 438 (D.N.J. 2010); *see also Ameri v. Equifax Info.*, No. 14-3319, 2015 WL 1275283, at *4 (D.N.J. Mar. 19, 2015) ("It is important to emphasize that § 1681s-2(b) does not provide relief for consumers who lodge their dispute directly with a furnisher of information.") (citation omitted); *Bartley v. LVNV Funding, LLC*, No. 09-3884, 2010 WL 2629072, at *3 (D.N.J. June 28, 2010) ("The notice of disputed information 'must come from a [CRA], and not the consumer, in order to trigger the furnisher's duties.'") (citation omitted).

Plaintiff's Third Amended Complaint fails to allege that she notified a CRA of her dispute with the Defendants. While Plaintiff tries to cure this deficiency in her Opposition by attaching an Affidavit stating that she recently located a letter from August 5, 2017 that she recalls uploading to the website of all three CRAs, (ECF Nos. 49 at 9, 50 at 12), the Court "cannot consider new facts presented for the first time in opposition." *Pue v. N.J. Dep't of Lab.*, No. 23-855, 2023 WL 5671561, at *4 n.8 (D.N.J. Sept. 1, 2023) (citation omitted); *see also Frederico v. Home Depot*, 507 F.3d 188, 201–02 (3d Cir. 2007) (noting that courts "do not consider after-the-fact allegations in determining the sufficiency of [a] complaint under Rules 9(b) and 12(b)(6)"). Because Plaintiff cannot demonstrate one of the necessary elements of a § 1681s-2(b) claim, Counts IV and V must be dismissed.

9

While Plaintiff requested leave to amend her pleading to cure this deficiency in her Opposition, (ECF Nos. 49 at 15, 50 at 15), she did not file a motion or include a copy of the proposed amended pleading as required by Local Civil Rule 15.1(a). Because "failure to submit a draft amended complaint is fatal to a request for leave to amend" and "a district court need not worry about amendment when the plaintiff does not properly request it," Plaintiff's request is denied. *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007). Moreover, even if Plaintiff had not made such a fatal error, where a "plaintiff ha[s] already amended plaintiff's complaint and yet failed to allege sufficient facts, the courts may find that '[t]hree bites at the apple is enough,' and conclude that it is proper to deny leave to replead." *In re Intelligroup Sec. Litig.*, 527 F. Supp. 2d 262, 379 (D.N.J. 2007) (citing *Salinger v. Projectavision, Inc.*, 972 F. Supp. 222, 236 (S.D.N.Y. 1997)). Because Plaintiff has already had multiple opportunities to cure the deficiencies in her Complaint and failed to do so, the Court believes that amendment would be futile and denies Plaintiff's request for leave to amend.

Moreover, even if Plaintiff had not already had multiple chances to cure these deficiencies, amendment would nevertheless be futile for two additional reasons. First, Plaintiff argues discovery is needed, both to ascertain the last negative reporting date and to confirm she sent the August 5, 2017 Letter to the CRAs. (Pl.'s Opp'n, ECF Nos. 49 at 7–11, 50 at 12–14). However, "[a] plaintiff's request for discovery cannot serve as a basis to deny a defendant's motion to dismiss, as the filing of such a motion serves to protect a defendant from being subjected to discovery, during which a plaintiff hopes that facts will be unearthed to support plaintiff's speculation." *Ogbin v. GE Money Bank*, No. 10-5651, 2011 WL 2436651, at *4, n.3 (D.N.J. June 13, 2011) (citation omitted); *see also Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll.*, 103 F.3d 294, 299 (3d Cir. 1996) ("[D]iscovery is not intended as a fishing expedition permitting the

10

speculative pleading of a case first and then pursuing discovery to support it; the plaintiff must have some basis in fact for the action.").

Second, the letter that Plaintiff purportedly sent to the CRAs is dated August 5, 2017. (ECF Nos. 49-1; 50-2). Accordingly, Defendants would have had until on or around September 25, 2017 to investigate the disputed information. *See* §§ 1681s-2(b)(2), 1681i(a)(1)–(2) (providing that CRAs will notify furnishers of disputes within 5 business days and furnishers will have 30–45 days to investigate). It is Defendants' alleged failure to investigate that would result in a "violation" of § 1681s-2(b) and trigger the statute of limitations pursuant to § 1681p. *See SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 359 (3d Cir. 2011) ("It is only when the furnisher fails to undertake a reasonable investigation following . . . notice [from a CRA] that it may become liable to a private litigant under § 1681s-2(b)"); *Krajewski*, 557 F. Supp. 2d at 608 n.9 (liability under § 1681s-2(b) "occurs as a result of an unreasonable investigation, not simply as a result of inaccurate information being reported"). Therefore, even assuming Plaintiff never discovered the violation—which is belied by the factual record—the five-year statute of limitations expired on September 25, 2022. As such, Plaintiff's filing of her initial Complaint on June 14, 2023 is clearly untimely. Therefore, Counts IV and V are dismissed with prejudice.

### B. Counts II (Breach of Contract) and III (Violations of NJCFA, N.J. Stat. Ann. 58:8-2, *et seq.*)

Turning to Counts II (Breach of Contract) and III (Violations of the NJCFA), these claims are preempted by the FCRA and must be similarly dismissed.[4] As Plaintiff acknowledges, the

---

[4] Because the Court finds that these Counts are preempted, it is unnecessary to address the Bayview Loan Servicing Defendants' arguments regarding Plaintiff's failure to identify the specific provisions of the contract, general mortgage servicing under the NJCFA, and the heightened pleading standard for fraud. (Def.'s Mot. to Dismiss, ECF No. 47-1 at 16–18, 22–26).

11

District of New Jersey has "adopted a total pre-emption approach" with respect to FCRA claims. *Edwards v. Equable Ascent, FNCL, LLC*, No. 11-2638, 2012 WL 1340123, at *7 (D.N.J. Apr. 16, 2012). Specifically, 15 U.S.C. § 1681t(b)(1)(F)[5] "leaves no room for state law claims against furnishers of information . . . regardless of whether those claims are couched in terms of common law or state statutory obligations." *Burrell*, 753 F. Supp. 2d at 451; *see also Cheadle v. Experian*, No. 20-18183, 2021 WL 3144843, at *4 (D.N.J. July 26, 2021) (explaining that district courts in the Third Circuit have held that "§ 1681t(b)(1)(F) preempts all state and common law claims against furnishers of information with respect to all subject matter regulated under § 1681s-2."); *Rivas v. L&N Builders Grp., Inc.*, No. 22-7544, 2023 WL 4014290, at *3 (D.N.J. June 15, 2023) ("the FCRA broadly preempts any state law requirement[s] or prohibition[s] . . . with respect to any subject matter regulated under Section 1681s-2 of this title, relating to the responsibilities of any persons who furnish information to consumer reporting agencies."). Because Counts II and III allege damages flowing from Defendants' negative and inaccurate credit reporting, they fall squarely within the FCRA's ambit and are preempted.

While Plaintiff argues that the damages she seeks are "separate and apart from [Defendants'] negative credit reporting and are not preempted by FCRA," (Opp'n, ECF Nos. 49 at 13, 50 at 11), this contention is belied by the TAC itself. Specifically, Plaintiff alleges that she sustained "damages by way of repeated denial of credit both personally and on behalf of Plaintiff's business, lost opportunities to receive credit, reduction in existing credit, damage to reputation, damage to Plaintiff's business and livelihood, an inability to earn money, save money and/or obtain

---

[5] 15 U.S.C. § 1681t(b)(1)(F) itself states "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to any subject matter regulated under . . . section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ."

the financing necessary to rebuild her home that had been destroyed in Superstorm Sandy" and "was caused to miss opportunities, deadlines and waivers designed to assist Plaintiff in rebuilding her home that, once missed, result in Plaintiff being required to pay additional money to accomplish the same result or rendering Plaintiff's now vacant land unbuildable together with attorneys' fees and costs which continue to accrue." (ECF No. 32 at 17–19). Such damages plainly flow directly from Defendants' purportedly false reports to the CRAs and are undoubtedly regulated by the FCRA. *See Hutchinson v. Del. Sav. Bank FSB*, 410 F. Supp. 2d 374, 384–85 (D.N.J. 2006) (concluding that plaintiffs' "negative credit ratings and inability to obtain other financing are damages flowing from [the defendants'] alleged [loan] delinquency reports to credit bureaus. Such conduct is regulated by [the] FCRA and is therefore preempted by [the] FCRA.") (citations omitted). Thus, the FCRA preempts Plaintiff's Breach of Contract and NJCFA claims, and Counts II and III are dismissed with prejudice.

### C. Count I (Declaratory Relief, 28 U.S.C. § 2201)

Defendants argue, and Plaintiff does not dispute, that a claim for declaratory relief must be predicated on an underlying cause of action. (ECF Nos. 46-1 at 23–24, 47-1 at 14–16); *see also Schilling v. Rogers*, 363 U.S. 666, 677 (1960) ("the Declaratory Judgments Act is not an independent source of federal jurisdiction . . . the availability of such relief presupposes the existence of a judicially remediable right.") (citation omitted). Because "there is no such thing as a claim for declaratory relief untethered to some underlying cause of action," *Argen v. Kessler*, No. 18-963, 2019 WL 2067639, at *4 (D.N.J. May 10, 2019), and the Court finds that Counts II–V must be dismissed, Count I is also dismissed with prejudice.

### CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are **GRANTED**. (ECF Nos.

46, 47). Plaintiff's Third Amended Complaint, (ECF No, 32), is **DISMISSED WITH PREJUDICE**. An appropriate Order accompanies this Opinion.

*Christine P. O'Hearn*
**CHRISTINE P. O'HEARN**
**United States District Judge**